IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JUAN C. ALDAYTURRIAGA
and MARIA E. ALFONSO d/b/a
MI PUEBLITO,

      Plaintiffs,                                                     No. 09-2421-JDB

      v.

VALLEY FORGE INSURANCE
COMPANY,

      Defendant.
_____

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND
_____

On October 29, 2009, Plaintiffs, Juan C. Aldayturriaga and Maria E. Alfonso d/b/a/ Mi Pueblito, filed a Motion to Remand to State Court (Docket Entry ("D.E.") No. 12), to which the Defendant, Valley Forge Insurance Company ("Valley Forge"), has responded (D.E. No. 13). For the reasons set forth hereinafter, the motion to remand is **GRANTED**.

FACTUAL BACKGROUND

On May 26, 2009, Plaintiffs initiated an action against Defendant in the Chancery Court of Carroll County, Tennessee, on account of Defendant's alleged failure to provide insurance coverage to Plaintiffs following a fire that damaged their business. (D.E. No. 1, Exhibit A, Complaint.) The complaint asserted two theories of liability—breach of contract and a violation of the Tennessee Consumer Protection Act—for which Plaintiffs sought damages of $111,651.38. (Id.) On June 18, 2009, Plaintiffs filed an amended complaint reducing their demand to $62,029.27 because Valley Forge had paid them additional moneys in partial

satisfaction of their claim. (D.E. No. 12, Motion to Remand, p. 2.) On June 29, 2009, Valley Forge removed the original complaint on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1441(a), as the damages sought exceeded $75,000.00.[1] (Id.) Plaintiffs move to remand the action because their amended complaint now contains a damage claim below the jurisdictional minimum prescribed by 28 U.S.C. § 1332.[2] (Id.)

## LEGAL STANDARD

Removal of cases from state to federal court is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . ." A federal district court has original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

A removing defendant has the burden of proving that the jurisdictional requirements, including the amount in controversy, are met. Village of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 377 (6th Cir. 2008). Because a plaintiff is master of the claim, " '[a]ll doubts as to the propriety of removal are resolved in favor of remand.' " Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 405 (6th Cir. 2007), *reh'g denied* (Nov. 2, 2007) (quoting Jacada, Ltd. v.

---

[1] Defendant contends it was "unaware of Plaintiffs' filing of an Amended Complaint" at the time it removed the original complaint. (D.E. No. 13, Response to Motion to Remand, p. 2.) However, the Certificate of Service appended to the amended complaint makes clear that Plaintiffs mailed a copy of the amended pleading to Defendant on June 18, 2009, which is the same date it was filed in the state court. Thus, as of the date of removal—eleven days later—Defendant was on notice that the amended complaint had been filed. In any event, the insurer's failure to file the amended complaint along with its notice of removal is of no consequence, as the Court will demonstrate *infra*.

[2] None of the parties dispute the existence of complete diversity in this case: Plaintiffs are Tennessee residents, and Defendant is a Pennsylvania company with its principal place of business in Illinois. (D.E. No. 13, Response to Motion to Remand, pp. 3-4.) Therefore, the only basis for Plaintiffs' motion is that the case does not meet the jurisdictional minimum.

2

Int'l Mktg. Strategies, Inc., 401 F.3d 701, 704 (6th Cir. 2005)). " '[S]tatutes conferring removal jurisdiction are . . . construed strictly because removal jurisdiction encroaches on a state court's jurisdiction.' " Alinsub v. T-Mobile, 414 F. Supp. 2d 825, 827 (W.D. Tenn. 2006) (quoting Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999)).

Where a plaintiff seeks an unspecified amount that is less than or "not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant may satisfy its burden by demonstrating that the amount in controversy "more likely than not" exceeds $75,000. Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006) (citing Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993)). "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled." DeAguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995) (emphasis in original). "Generally, since Plaintiff is master of the claim, a claim specifically less than the federal requirement should preclude removal." Gafford, 997 F.2d at 157 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." Everett, 460 F.3d at 822. " 'It is generally agreed in [the Sixth Circuit] that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.' " Smith, 505 F.3d at 407 (quoting Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro, 129 F. App'x 194, 196 (6th Cir. 2005)) (internal citation omitted).

## ANALYSIS

Valley Forge presents two arguments against remand: first, Plaintiffs have not properly filed their amended complaint with this Court, and thus, their only operative pleading is the

original complaint, which on its face alleges more than $75,000.00 in damages; and second, even if it is properly before the Court, the amended complaint itself alleges damages sufficient to reach the jurisdictional minimum. (D.E. No. 13, Response to Motion to Remand, pp. 4-7.) The Court will address each contention in turn.

      A.      <u>Plaintiffs Have Not Filed Their Amended Complaint with the Court</u>

Defendant avers that "the present record before the Court only consists of Plaintiffs' Original Complaint, which was filed with this Court on June 29, 2009, as an attachment to Defendant's Notice of Removal." (D.E. No. 13, Response to Motion to Remand, p. 4). "Plaintiffs' Amended Complaint has never been properly filed with this Honorable Court in accordance with the Federal Rules of Civil Procedure, and Plaintiff's [sic] Amended Complaint is not properly before this Court at the present time." (<u>Id</u>. at p. 5 n.1.) Ostensibly, Defendant's contention is that Plaintiffs would have to file their amended complaint as a separate, post-removal docket entry for it to be operative in this case. However, Defendant—which does not cite any case law to support its position—misstates the law on removal.

28 U.S.C. § 1446(a) reads, in pertinent part, "A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States [. . .] *a copy of all process, pleadings, and orders served upon such defendant or defendants* in such action." <u>Id</u>. (emphasis added). Other federal courts in discussing the effect of removal have noted that the entire record of the state proceeding likewise becomes part of the record once the matter moves to federal court: "Under the law all papers filed and proceedings in [a case] in the state court prior to the removal order are properly a part of the record coming to [the federal court.]" <u>Covington v. Indemnity Ins. Co. of North America</u>, 251 F.2d 930, 933 (5th Cir. 1958) (internal citations omitted). If any parts of the state-court record

"are lacking from the original removal record, they may be later supplied." Id.; *see also* Cook v. Randolph County, Ga., 573 F.3d 1143, 1150 (11th Cir. 2009) (noting that "the failure to include all state court pleadings and process with the notice of removal is procedurally incorrect").

Moreover, even if Defendant was, in fact, unaware of Plaintiffs' filing of their amended complaint, the fact that it removed this case based on the original complaint has no effect on the Court's ability to consider the amended complaint in evaluating their motion to remand. "When the amount of damages a plaintiff seeks is unclear, the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount" has been reached. Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F. Supp. 2d 489, 498-99 (M.D.N.C. 2003) (internal citations omitted). "To calculate [the true amount in controversy] 'the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue.' " Sayre v. Potts, 32 F. Supp. 2d 881, 886 (S.D. W. Va. 1999) (citing White v. J.C. Penny Life Ins. Co., 861 F. Supp. 25, 27 (S.D. W. Va. 1994)). *See also* Amoche v. Guarantee Trust Life Ins. Co.¸ 556 F.3d 41, 51 (1st Cir. 2009) ("We decline to atomize our analysis; the entire record, as we have said, must be evaluated"); Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993) ("Normally the federal court in a removal action determines the amount in controversy by merely looking at the plaintiff's state court complaint, along with the record as a whole") (internal citations omitted).

Thus, it is clear that despite Defendant's assertions to the contrary, the amended complaint that Plaintiffs properly filed in the state court is the operative pleading for purposes of evaluating the amount in controversy: "when plaintiff files [an] amended complaint, [the] new complaint supersedes all previous complaints and controls [the] case from that point forward." Parry v. Mohawk Motors of Michigan, 236 F.3d 299, 306-07 (6th Cir. 2000) (citing *In re* Atlas

Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000) and Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999)). The fact that the Defendant removed this matter based on the original complaint was its own error, and was not the product of any procedural malfeasance by the Plaintiffs.[3] As a result, Defendant's contentions that the original complaint controls and that the amended complaint "is not properly before this Court" are without merit.

      B.      The Amended Complaint Alleges Sufficient Damages for Jurisdiction

Defendant also argues, notwithstanding Plaintiffs' stated damages of $62,029.27 in their amended complaint, that "[a] close analysis of Plaintiff's [sic] Amended Complaint reveals that the claims made therein and the damages requested exceed the $75,000.00 amount in controversy requirement . . .." (D.E. No. 13, Response to Motion to Remand, p. 5.) In particular, Defendant notes that Plaintiffs have failed to allege a specific damage figure with regard to their claim under the Tennessee Consumer Protection Act ("TCPA"), and it avers that because Plaintiffs request "such further and general relief to which they may be entitled," it is reasonable to assume that Plaintiffs seek treble damages and statutorily authorized attorneys' fees pursuant to the TCPA. (Id. at p. 6); (D.E. No. 12, Exhibit A, Amended Complaint, p. 5.) The Defendant maintains that the spectre of potential treble damages and statutory attorneys' fees is sufficient to allow the Court to conclude that the actual amount in controversy is nearly $13,000.00 more than Plaintiff has claimed.

The TCPA permits a court to award treble damages if it finds that the violation was "willful or knowing." Tenn. Code Ann. § 47-18-109(a)(3). However, although the Plaintiffs' original complaint sought treble damages for the alleged TCPA violation, the amended complaint is bereft of any reference to such a demand, or to a "willful or knowing" violation of

---

[3]     Indeed, it appears to the Court that Defendant's failure to familiarize itself completely with the state court record prior to removal is the sole source of its consternation about the two versions of the complaint.

the TCPA—from which the Court concludes that Plaintiffs have elected not to seek treble damages. Thus, the Defendant cannot now rely upon a potential award of such damages for purposes of establishing the amount in controversy.

The TCPA also authorizes a court to award "reasonable attorney's fees and costs" to a plaintiff, Tenn. Code Ann. § 47-18-109(e)(1), and any such award pursuant to the TCPA would be includable for purposes of establishing the amount in controversy. *See* Williamson v. Aetna Life Ins. Co., 481 F.3d 369, 376 (6th Cir. 2007), *cert. denied sub nom.* Welshans v. Aetna Life Ins. Co., 552 U.S. 1042, 128 S. Ct. 671, 169 L. Ed. 2d 514 (2007) ("As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract *or where a statute mandates or expressly allows the payment of such fees*") (emphasis added). Although the Plaintiffs do not specifically request attorneys' fees pursuant to the TCPA, they do request attorneys' fees in connection with this action.

However, even assuming that Plaintiffs seek all of their attorneys' fees pursuant to the TCPA—making them includable for purposes of the amount-in-controversy analysis—the insurer nevertheless has not carried its burden of demonstrating that the addition of these attorneys' fees "more likely than not" would result in an amount in controversy in excess of $75,000.00. Everett, 460 F.3d at 822. In essence, to substantiate its contention that the true amount in controversy "exceeds the sum or value of $75,000.00," the Defendant must claim that any statutorily awarded attorneys' fees under the Plaintiffs' TCPA claim will be at least $12,970.74. 28 U.S.C. § 1332(a). This it has not done. Defendant has proffered no support whatsoever—be it in the form of an affidavit or any other type of evidence—for its assertion that Plaintiffs will be entitled to an award of reasonable attorneys' fees sufficient to satisfy the

jurisdictional minimum.[4] Indeed, Defendant has not even put forth any rough estimate approximating the potential value of attorneys' fees owed the Plaintiffs, stating only that "[a] trebling of [Plaintiffs'] damages, in combination with an award of Plaintiffs' attorney's fees, pursuant to [the TCPA], would undoubtedly bring the total amount in controversy [. . .] to well over the threshold amount of $75,000.00 . . .." (D.E. No. 13, Response to Motion to Remand, p. 7.)

As the case law cited *supra* makes clear, these conclusory allegations are too indefinite for Valley Forge to carry its burden of proving that it is "more likely than not" that the amount in controversy exceeds $75,000.00. Everett, 460 F.3d at 822. All Defendant has done is point to circumstances that "*might* allow the [Plaintiffs] to recover more than what is pled," via the TCPA's provision for an award of reasonable attorneys' fees. DeAguilar v. Boeing Co., 47 F.3d at 1412 (emphasis in original). As a matter of law, this is inadequate to establish that the amount in controversy exceeds the jurisdictional minimum. Because all doubts must be resolved in favor of remand, Smith, 505 F.3d at 405, the Court finds that remand is appropriate. Thus, the Court hereby **GRANTS** Plaintiffs' motion to remand this matter to state court.

**IT IS SO ORDERED** this, the 7th day of January, 2010.

s/ J. DANIEL BREEN<br>UNITED STATES DISTRICT JUDGE

---

[4] Although the Court has located cases in which a claim for statutory attorneys' fees was sufficient to elevate an otherwise-insufficient claim for compensatory damages above the jurisdictional minimum, in each of those cases, the claim for attorneys' fees was specific, and more importantly, was supported by credible evidence. *See, e.g.,* Penmont, LLC v. Blue Ridge Piedmont, LLC, 2009 WL 270258, at *2 (M.D. Ala. 2009) (noting that plaintiffs had "put forth testimonial evidence" that their attorneys' fees would be at least $20,000.00); Mirras v. Time Ins. Co., 578 F. Supp. 2d 1351, 1352 (M.D. Fla. 2008) (finding that statutory attorneys' fees of $28,000.00 should be added to damages of $49,413.72 to determine amount in controversy because "Defendant has offered affidavits supporting the assertion that attorney's fees would reach at least $28,000 during the litigation of this matter"). *See also* Soprema, Inc. v. Workers Corp., 485 F. Supp. 2d 1, 5 (D. Puerto Rico 2007) (finding that notwithstanding plaintiff's affidavit purporting to establish its attorneys' fees, plaintiff had not put forth "credible evidence supporting a claim for . . . attorney's fees which would bring the amount in controversy to an amount in excess of $75,000"). Here, Defendant has offered no evidence at all—credible or otherwise—to support its assertion that attorneys' fees, when added to the compensatory damages sought, will raise the amount in controversy above $75,000.00.